**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL SIMMONS,** | : | |
|    Plaintiff | : | No. 1:11-CV-415 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **PARAN MANAGEMENT COMPANY,** | : | |
| **LTD. and FRANKLIN SOUTHGATE CO.** | : | |
| **LLC,** | : | |
|    Defendants | : | |

## MEMORANDUM ORDER

The underlying case concerns a personal injury action brought by Plaintiff Daniel Simmons against Defendants for injuries that Simmons allegedly suffered due to a fall on Defendants' property in Chambersburg, Pennsylvania. Jurisdiction is based on diversity of citizenship; Simmons is from Georgia and Defendants are from Ohio. Pending before the Court is a motion to intervene as plaintiff filed by Diaz Wholesale & Manufacturing Co. ("Diaz"), and supporting brief. (Doc. Nos. 7, 9.) Diaz is also a citizen of Georgia. According to Diaz, "[a]t the time Simmons sustained his injuries, he was acting in the course and scope of his employment by Diaz, and Diaz paid workmen's compensation benefits to Simmons for his injuries." (Doc. No. 9 at 1.) As a result, Diaz has motioned to intervene to preserve its subrogation lien. (Id.) Neither Simmons nor Defendants have timely filed a brief in opposition to the motion, so they will be deemed not to oppose the motion.[1] Because the Court finds that

---

[1] See M.D. Pa. L.R. 7.6 ("Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule shall be deemed not to oppose such motion.").

1

intervention by Diaz is warranted in this case, the Court will grant the motion.

## I.   LEGAL STANDARD

Rule 24(a) of the Federal Rules of Civil Procedure provides that, "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Rule 24(b)(1) provides in relevant part that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Additionally, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## II.   DISCUSSION

Diaz has not asserted any right to intervene based on federal statute. Rather, Diaz claims that it should be allowed to intervene as a matter of right because its rights may be impaired if it is not included. In the alternative, Diaz claims that it should be permitted to intervene because the claims by Simmons against Defendant Paran Management Company share common questions of fact with Diaz's subrogation lien for its workers' compensation payments.

To intervene as of right under Rule 24(a)(2), a prospective intervenor must meet all four of the following factors: "1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the

disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests." Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005) (citing Kleissler v. U.S. Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998)). After reviewing the arguments presented by Diaz, and finding no objection from the already-existing parties, the Court finds that Diaz must be allowed to intervene as of right.[2]

First, Diaz has timely applied for leave to intervene. See Pennsylvania v. Rizzo, 530 F.2d 501, 506 (3d Cir. 1976) (noting that timeliness is to be determined by the court's discretion based on all the circumstances). The complaint in this case was filed on March 4, 2011. Nearly three months later, Diaz filed its motion to intervene on June 15, 2011, even before the Court issued a case management order.

Second, Diaz has a significant interest in this action based on its subrogation lien for workers' compensation benefits it paid to Simmons after his accident. An intervenor's interest must be one which "relat[es] to the property or transaction which is the subject of the action." Fed. R. Civ. P. 24(a)(2). "[A] mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene." Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d. Cir. 1995). Instead, an intervenor must have a property interest or legally protectable interest in the instant matter. See Treesdale, 419 F.3d at 222-23; Kleissler, 157 F.3d at 972 ("[I]ntervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the

---

[2] Because the Court finds that Diaz must be allowed to intervene as of right under Rule 24(a)(2), the Court will decline to analyze Diaz's claim for permissive intervention under Rule 24(b)(1)(B).

relief sought."). Under both Georgia and Pennsylvania law, an employer is given a subrogation right for its payment of workers' compensation where its employee's injuries are the result of a third party.[3] See Ga. Code Ann. § 34-9-11.1(b) (West 2011); 77 Pa. Cons. Stat. § 671 (2011). Therefore, the Court finds that Diaz has a sufficient interest related to the subject matter of this action to intervene.

The third factor for intervention is also met because, if it fails to intervene in the present action, Diaz may be barred from asserting its subrogation lien in a subsequent action. Under Georgia law, an employer seeking to enforce a subrogation lien for workers' compensation payments is limited "to the recovery of the amount of disability benefits, death benefits, and medical expenses paid . . . and shall only be recoverable if the injured employee has been fully and completely compensated." Ga. Code Ann. § 34-9-11.1(b) (West 2011). As a result, the employer bears the burden of proving that its employee has been fully and completely compensated. See, e.g., Smith v. Otis Elevator Co., No. 1:05-cv-2330, 2008 WL 2944678, at *1, 3 (N.D. Ga. July 31, 2008). Accordingly, if Diaz's right of subrogation is governed by Georgia law and Diaz is denied a right to intervene, Diaz may be barred from ever asserting its subrogation lien. See Canal Ins. Co. v. Liberty Mut. Ins. Co., 570 S.E. 2d 60, 62 (Ga. Ct. App. 2002) (finding that, without a carrier's intervention in a tort suit to protect its subrogation right,

---

[3] In its brief, Diaz does not point to the specific state law which will govern its rights relating to the subrogation lien. As recognized by the Third Circuit, "[a] request for intervention, especially in diversity proceedings, brings to the fore some choice of law issues. Determining the scope of the intervenor's interest will often require an inquiry into state law." Olden v. Hagerstown Cash Register, Inc., 619 F.2d 271, 273 (3d Cir. 1980). In Pennsylvania, "the state where the worker's compensation policy is regulated is the state with the most significant contacts regarding workers' compensation subrogation." Carrick v. Zurich-American Ins. Grp., 14 F.3d 907, 910 (3d Cir. 1994) (quoting district court). Therefore, because Simmons and his employer Diaz are both from Georgia, it appears likely that Georgia law will apply.

4

the carrier "could never carry its burden to prove that the employee had been fully compensated for his injuries and damages, thus barring any right of subrogation"); N. Bros. Co. v. Thomas, 513 S.E. 2d 251, 253 (Ga. Ct. App. 1999) ("It is the responsibility of the workers' compensation provider to protect its interest by intervention and special verdict requests.")).

Finally, there are no arguments that the existing parties to the action adequately represent Diaz's interests in this action. This factor "entails looking to such factors as proof of collusion between the representative and the opposing party, any adverse interest between the applicant and the representative, and whether there is any indication that the representative has been less than diligent in prosecuting the litigation." Olden, 619 F.2d at 274-75. While Simmons and Diaz will both seek payment from Defendants to compensate for Simmons's injury, their interests may diverge as to Diaz's subrogation rights for any award won by Simmons.[4] Accordingly, the Court finds that this factor is met and that intervention by Diaz should be allowed as of right.

## III.   CONCLUSION

---

[4] This case is distinguishable from Olden v. Hagerstown Cash Register, 619 F.2d 271, where the Third Circuit Court of Appeals upheld a denial of intervention because it found that an employer was already adequately represented by the plaintiff-employee. In Olden, the appellate court emphasized that, at the time the employer sought to intervene, there was no apparent conflict between the employer and the employee's goals. Id. at 275. The court noted that "should adequacy of representation become a problem, the carrier will have ample opportunity to protect its interests." Id. As recognized above, however, failure by Diaz to intervene in this action may bar it from seeking to collect on its subrogation lien in a later action. As a result, and because Simmons has not provided briefing on this issue, Simmons cannot be said to be representing Diaz's interests in this matter. See also Curtis v. Sears, Roebuck & Co., 754 F.2d 781, 784 (8th Cir. 1985) ("Neither of the existing parties represent State Farm's interest. Curtis does not because he stands to lose what could be a potential double recovery if State Farm is allowed to remain in the action. Sears wants the action to end as soon as possible for fear of being expected to make a double payment.").

Pursuant to the foregoing analysis, the Court will grant Diaz's motion to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2).

**ACCORDINGLY**, on this 20th day of July 2011, it is **HEREBY ORDERED THAT** the motion to intervene as plaintiff by Diaz Wholesale & Manufacturing Co. (Doc. No. 7) is **GRANTED**.  The clerk of court shall add Diaz to the docket.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
